■ KRISTOPHER W. BOW, Appellant, v J-A CONCESSIONS, INC., Respondent. [727 NYS2d 228] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion seeking sanctions, including striking defendant's answer, and summary judgment on liability on the ground that defendant discarded or destroyed evidence crucial to plaintiff's case. Plaintiff rented a mountain bike on August 2, 1997 from defendant at Allegany State Park and was injured when the front tire suddenly became flat, causing plaintiff to fall head-first over the front of the bicycle. An employee of defendant retrieved the bicycle from the scene of the accident and, pursuant to defendant's policy, "tagged" the bike and placed it in the back room of defendant's shop for inspection by

the repairman. None of the three employees of defendant deposed by plaintiff was certain when or in what manner the tire was discarded. One of those employees testified that the bicycle was kept in the back room for a period of 2 to 3 weeks. The manager and part-owner testified that he directed that the bicycle be held in the event the Park Police wanted to examine it. He surmised that the flat tire was discarded and the bicycle put back into circulation prior to the Columbus Day weekend in October, the last weekend that defendant rented bicycles. Plaintiff did not commence the instant action until more than one year after the accident. "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1069, 1070; *see, Hoag v Chase Pitkin Home & Garden Ctr.*, 267 AD2d 1083, 1084).

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Cattaraugus County, Nenno, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.